**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**FENG JUAN LU, Defendant–Appellant.**

**No. 06–16438.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2007.

Filed Sept. 20, 2007.

---

Gary M. Restaino, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Martin Lieberman, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: PREGERSON, SILER,\* and McKEOWN, Circuit Judges.

### MEMORANDUM \*\*

Feng Juan Lu appeals the district court's denial of her motion to quash a grand jury subpoena ordering production of the business records of her companies. The district court held that her single-member limited liability companies ("LLCs") are collective entities and thus not entitled to Fifth Amendment protection. Lu argues that her single-member LLCs are more similar to the business structures of sole practitioners, not collective entities, and are therefore entitled to Fifth Amendment protection.

The Fifth Amendment privilege against compulsory self-incrimination is personal in nature. *Bellis v. United States*, 417 U.S. 85, 90, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). Sole proprietorships are entitled to protection under the Fifth Amendment. *Id.* at 87–88, 94 S.Ct. 2179. On the other hand, collective entities do not enjoy this privilege because they are legal entities distinct from their members. *Id.* at 90, 101, 94 S.Ct. 2179. Likewise, an individual who holds records in a representative capacity cannot rely upon the privilege to avoid producing the records of the collective entity. *Braswell v. United States*, 487 U.S. 99, 108–09, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). However, the Supreme Court in *Braswell* expressly left open the question of whether Fifth Amendment protection applies to the production of business records when a corporation, which would generally be a collective entity, has only a single employee who also serves as the sole officer. *Id.* at 118 n. 11, 108 S.Ct. 2284.

Lu contends that her LLCs are not collective entities because she is the sole owner and operator and maintains no employees. She attempts to bolster the analogy to a sole proprietorship by noting that she is subject to individual, rather than corporate, tax liability for the profits and losses of her LLCs. Thus, Lu asserts that the

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

business records of her LLCs are protected by the Fifth Amendment. We disagree.

The collective entity doctrine focuses on the formality of the organizational structure, members' ability to access records, and the agent's representational role. *See Bellis,* 417 U.S. at 92–93, 94 S.Ct. 2179. Here, Lu's single-member LLCs are hybrids of both corporations and sole proprietorships. There is no need for the businesses to be formally organized or to provide member access to the records because Lu is the sole member. However, the crucial distinction here, articulated by the district court, is that Lu is acting in a representative capacity. The state requirement that an LLC have a statutory agent indicates an agency relationship. Ariz.Rev.Stat. § 29–604. Here, Lu served as the statutory agent for her businesses; plus, she was free to add additional members to her businesses in the future, which would implicate the other aspects of collective entities. Ariz.Rev.Stat. § 29–731.

Further, Lu intentionally took advantage of the corporate characteristics of the LLC structure to obtain asset-protection advantages. In this situation, Lu's business documents are not personal to her because she clearly intended the businesses to be separate from her in the event of a lawsuit. Having chosen to organize her businesses as LLCs and obtain the benefits of that business structure, Lu cannot now disregard the creation of these separate entities to obtain Fifth Amendment protection for her companies' records.

Lu also points to the issue left open in footnote eleven of *Braswell,* claiming that production of the documents would incriminate her because she is the sole owner

and employee of her LLCs, and therefore, a jury would inevitably conclude that she created the documents. However, a jury could reasonably conclude that persons other than Lu produced the business documents because, as the district court noted, "it appears highly unlikely that a person could own and operate multiple massage parlors without any employees."

In sum, the business records of Lu's companies are not protected by the Fifth Amendment, and the district court properly denied Lu's motion to quash the subpoena.

AFFIRMED.